BoldSign Document ID: 8e70e2cb-9d41-499c-97d5-0e935bf01da4


**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

**CASE NO.: 1:26-cv-01747**

MARCO VERCH,

Plaintiff,

v.

MALAKIN MOTORS LLC,

Defendants.

**DECLARATION OF MARCO VERCH**

I, Marco Verch, declare and say:

1. I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

2. I am a photographer from Cologne, Germany. (Complaint ¶ 2). I have been working on my photography for many years, and enjoy taking pictures of scenery from my travels, sporting events, food, flowers, cars, drones and more. I also take photos for advertisements and fundraising campaigns.

3. In 2019, I hired an independent contractor, Jernej Furman ("Furman"), who created the photograph entitled "Happy-Easter-text-on-wooden-background."

4. Furman transferred the rights in the photograph to me by written agreement.

5. I registered the Work with the Register of Copyrights on June 1, 2020, as part of a Group Registration titled, "USCO 2.0 Jernej 1-8885706251 Work of 2019 Group 92 01/24/2019 until 10/22/2019 750 pictures.xlsx," with the Register of Copyrights on June 1, 2020, and was

assigned registration number VA 2-211-532. The Certificate of Registration is attached to the Complaint as Exhibit 1.

6. One of the 2020 photographs created under the "USCO 2.0 Jernej 1-8885706251 Work of 2019 Group 92 01/24/2019 until 10/22/2019 750 pictures.xlsx" title and licensed to me by Furman is the "Happy-Easter-text-on-wooden-background" image that is the subject of this dispute, and is shown below and referred to herein as the "Work."

7. At all relevant times I was the owner of all rights to the copyrighted Work at issue in this case, including the right to enforce the copyright against the unauthorized use of the Work.

8. I published the Work on or about January 24, 2019, by displaying it on Flickr, and



again on February 16, 2021 on CCNull at internet URL https://ccnull.de/foto/happy-easter-text-on-wooden-background/1038132. (Complaint Ex. 2). At the time I published the Work and at all relevant times thereafter, I offered usage rights to the public through the Creative Commons CC By 2.0 license (the "CC License"), which allowed the public to sale and adapt the Work provided that appropriate attribution was made, including appropriate credit to me, a link to the license, and a statement of whether any changes were made to the Work. Attached to the Complaint as Exhibit 2 is a true and correct copy of the Work as displayed (Complaint Ex. 2).

9. My display of the Work also included copyright management information ("CMI") next to the Work in the form of my name, copyright notice, and the link to the licensing terms (collectively the "Attributions").

10. Upon information and belief, Defendant, MALAKIN MOTORS LLC ("Defendant") is a used car dealership focused on servicing the Grantville, Pennsylvania, and surrounding communities. At all times relevant herein, Defendant owned and operated the Facebook account "Malakin Motors LLC" located at the internet URL www.facebook.com/MalakinMotorsLLC (the "Malakin Motors LLC Facebook Page").

11. On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendant copied the Work without permission.

12. When Defendant copied the Work, they removed the Attribution from the Work.

13. Defendant did not credit my work, or display the required hyperlink with the Work necessary to obtain the CC License.

14. Defendant has never been licensed to use the Work for any purpose.

15. I never gave Defendant permission to display the Work without my attribution, or other copyright management information.

BoldSign Document ID: 8e70e2cb-9d41-499c-97d5-0e935bf01da4


16. After Defendant copied the Work, it made further copies and distributed the Work on the internet to promote the sale of their goods and services as part of its daily marketing activities.

17. Defendant copied and distributed my copyrighted Work in connection with their business for purposes of advertising and promoting their business, and in the course and scope of advertising and selling products and services. Attached as Exhibit 3 to the Complaint is a screenshot of Defendant's infringing use of the Work on the Malakin Motors LLC Facebook Page (Complaint Ex. 3).

18. On or about July 25, 2023, I discovered the unauthorized use of my Work on the Malakin Motors LLC Facebook Page. The Work was used in a post, dated April 6, 2023. Pictured below is a screen capture of the Post.




19. Through my counsel, I notified Defendant of the allegations set forth herein on November 13, 2025, and December 3, 2025. I demanded they cease the infringing use of the

Work and pay a license fee for the unauthorized use of the Work. To date, Defendant has failed to respond to any communication.

20. Had Defendant licensed the Work to reproduce and display the Work on their website, I would have charged at least $4,000 per year to use the photograph. I attach herewith as **Exhibit 4** a licensing report for my licensing of comparable images for commercial use on the intrenet and social media, showing licenses for similar images of mine ranging from $3,000 to $6500 USD. Accordingly, I estimate a reasonable market value of the lciesne at issue to be $4000.

21. The ability of the Defendant to reproduce, modify, distribute and display the copyrighted Work for their own commercial benefit without compensation to me greatly impairs the market value of the Work since others competing with that business, or in related business areas, will not want to obtain a license to my Work if they are already associated with a competing business. Similarly, potential licensees of the Work will not want to pay my license fees if they see other commercial enterprises taking and using the Work for their own commercial purposes without paying any fee at all.

22. The licensing fee alone does not take into consideration the scarcity of the Work. Scarce images typically demand a much higher fee than common images, and in this case, the Work is scarce not only due to high quality, but also the unique technique applied to achieve an amazing result.

23. The Work has lost significant value due to its publication with no credit (which could lead to further infringement), which reduces the exclusive control and scarcity of the Work, by the widespread and continuing dissemination resulting from Defendant's infringement.

BoldSign Document ID: 8e70e2cb-9d41-499c-97d5-0e935bf01da4


24. The typical fee I receive for creating and licensing the right to make non-exclusive commercial use (meaning use for purposes of advertising or promoting the licensee's business) and displaying on the internet of one of my copyrighted photographs similar in quality and popularity to the Work is approximately $4,000 per year, per photograph. See **Exhibit 1.**

25. Had Defendant requested to license the Work from me and to reproduce and display the copyrighted Work on their Facebook Page, I would have charged at least $4,000 per year to use the Work.

26. The Work was posted to Defendant's Facebook Page on April 6, 2023, and was discovered on July 25, 2023. I am unaware when Defendant ceased use of the Work. Defendant used the work and would have had to purchase a one-year license for the use. Accordingly, I estimate a fair license value of $4,000 for the use of the Work by Defendant.

27. I believe my actual damages to be $16,000 after considering a multiplier of four (court often use a 3-5X multiplier from the license fee), to the licensing fee of $4,000 per image. Accordingly, I believe the total amount of actual damages to be $16,000 for the Work at issue in this matter.

I swear or affirm the foregoing is true and correct under penalties of perjury.

DATED: August 31, 2026

MARCO VERCH